# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
AJMEL A. QUERESHI
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393

March 12, 2026

LETTER TO COUNSEL

Re: *Mark K. v. Michelle King, Acting Commissioner, Social Security Administration*
Civil No. 1:25-000371-AAQ

Dear Counsel:

On February 5, 2025, Plaintiff petitioned this Court to review the Social Security Administration's ("SSA")'s final decision to deny his claim for disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI of the Social Security Act. ECF No. 1. The Court has considered the parties' briefs, ECF Nos. 11, 13, 14, and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, for the reasons provided below, the Court shall remand this case for further proceedings.

## I.    The History of this Case

### A.  Procedural History

Plaintiff filed his claim for Title II disability benefits ("DIB") and Title XVI supplemental security income ("SSI") on June 17, 2019, alleging a disability onset date of January 1, 2009. ECF No. 6-5, at 3. Plaintiff's claim was denied initially and on reconsideration. ECF No. 6-4, at 21, 27. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which was held telephonically on June 16, 2021. ECF No. 6-3, at 96. After that hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act prior to June 17, 2019, but became disabled on that date. ECF No. 6-4, at 58. Plaintiff requested review of the ALJ's decision, and on July 1, 2022, the Appeals Council granted the request for review, vacated the hearing decision, and remanded the case for further proceedings. ECF No. 6-4, at 84. On April 19, 2023, Plaintiff had a hearing in front of the same ALJ. ECF No. 6-3, at 51. The ALJ denied Plaintiff's claim for DIB and approved his claim for SSI. *Id.* at 21. On December 26, 2024, the Appeals Council affirmed the ALJ's decision. *Id.* at 2. Thus, the ALJ's decision reflects the final, reviewable decision of the SSA. *See* 20 C.F.R. §§ 416.1484(d), 422.210(a); *see also Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *Melton v. Colvin*, No. WGC-11-1702, 2013 WL 1833011, at *3 (D. Md. Apr. 30, 2013).

### B.  The ALJ's Decision

*Mark K. v. Michelle King, Acting Commissioner, Social Security Administration*
Civil No.: 1:25-cv-000371-AAQ
March 12, 2026
Page 2

The ALJ, on remand, determined that since the alleged onset date of disability, January 1, 2009, Plaintiff suffered from the severe impairment of "coronary artery disease." ECF No. 6-3, at 27. Beginning on the established onset date of disability, June 17, 2019, Plaintiff suffered from the severe impairments of "coronary artery disease, cervical degenerative disc disease, and status-post dog bite left hand." *Id.* Despite these impairments, the ALJ determined that prior to June 17, 2019, Plaintiff retained the residual functional capacity ("RFC") to "perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b)." *Id.* at 29. The ALJ found that since June 17, 2019, the Plaintiff has had the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except no climbing of ladders or scaffolds; and occasionally climbing ramps and stairs, stooping, kneeling, crouching, crawling, and balancing. Occasional reaching, handling, and fingering with the left upper extremity; and frequent reaching, handling, and fingering on the right.

*Id.* at 34.

Based on his RFC assessment, the ALJ determined that prior to June 17, 2019, Plaintiff was capable of performing past relevant work as an "APPRAISER [DOT#191.267-010] SVP 7, Light, Medium as generally performed." *Id.* at 33. The ALJ found that after June 17, 2019, Plaintiff was not capable of performing past relevant work, and there are no jobs that exist in the national economy that Plaintiff can perform. *Id.* at 37. Therefore, the ALJ concluded that Plaintiff was not disabled prior to June 17, 2019, but became disabled on that date and has continued to be disabled. *Id.*

In reaching this conclusion, the ALJ considered the extent to which the medical records supported Plaintiff's symptoms of chest pain, degenerative disc disease, cardiac impairment, lower back pain, and major depression, and the extent to which his symptoms impacted his ability to work and perform other relevant activities. ECF No. 6-3, at 29-32. Specifically, the ALJ observed that in October 2008, Plaintiff "was diagnosed with coronary artery disease," *id.* at 31, but in June 2014, treatment records "note that [Plaintiff's] coronary artery disease was asymptomatic []. Thereafter, the [Plaintiff] testified at his prior hearing that he did not have much chest pain, he could lift up to 20 pounds, and that he could mow his lawn." *Id.* at 31-2. In addition, the ALJ found the February 2017 mental assessment "stating that [Plaintiff's] major [] depression resulted in the inability to concentrate, and that [Plaintiff] was not able to function as a juror . . . not persuasive as of the date last insured, and immaterial for the period subsequent to the protective filing date." *Id.* at 32. During the most recent hearing in front of the ALJ, Plaintiff testified that "[h]e had difficulty sitting; he was told to not sit more than 45 minutes" and "he no longer had fine motor skills or coordination" *Id.* at 30. The state agency medical consultant's assessment limited Plaintiff to "light work with occasional climbing of ramps and stairs; never climbing ladders, ropes, or scaffolds; occasionally balancing, stooping, kneeling, crouching, and crawling; and avoiding exposure to extreme cold." *Id.* at 31. Nonetheless, the ALJ concluded that because Plaintiff could perform light work without limitations, Plaintiff was not disabled prior to June 17, 2019. Accordingly, the ALJ denied Plaintiff's claim for DIB. *Id.* at 21.

*Mark K. v. Michelle King, Acting Commissioner, Social Security Administration*
Civil No.: 1:25-cv-000371-AAQ
March 12, 2026
Page 3

## II.    Analysis

On appeal, Plaintiff argues that the ALJ erred by failing to conduct a function-by-function assessment of Plaintiff's ability to perform work related activities when determining his RFC, and therefore, the ALJ's denial of disability benefits is not supported by substantial evidence.  ECF No. 11, at 8.

At step three of the sequential evaluation process, the ALJ must determine the RFC of the claimant, which incorporates a function-by-function assessment of their ability to do work-related activities.  Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996).  As outlined in *Dowling v. Comm'r of Soc. Sec. Admin.*, a function-by-function assessment requires ALJs to evaluate a "claimant's ability to perform the physical functions listed in [the regulations]," including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions [that] may reduce [a claimant's] ability to do past work and other work."  986 F.3d 377, 387 (4th Cir. 2021).  A "proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion."  *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019).  The RFC analysis should describe "how the evidence supports each conclusion reached by the ALJ by citing to evidence and articulating all inferences drawn therefrom."  *Nancy G. v. Kijakazi*, No. GLS 20-3440, 2022 WL 363824, at *3 (D. Md. Feb. 4, 2022) (citing *Thomas*, 916 F.3d at 312-13); *see also Dowling*, 986 F.3d at 387 ("every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it") (quoting *Thomas*, 916 F.3d at 311).  Failure to do so may warrant remand.  *See Britt v. Saul*, 860 F. Appx. 256, 262 (4th Cir. 2021).

This function-by-function assessment is not the same as an assessment of the intensity and persistence of Plaintiff's symptoms, the latter of which is outlined in SSRs 96-7p and 16-3p.  As noted in *Dowling*, a plaintiff's symptoms are relevant to the RFC evaluation, but an RFC assessment is "a separate and distinct inquiry from a symptom evaluation . . ."  986 F.3d at 387.  Treating the two as the same leads to error, as is the case here.  *Id.*

The ALJ failed to properly perform a function-by-function analysis. The ALJ concluded that prior to June 17, 2019, Plaintiff had the RFC to perform the full range of light work as defined in 20 CFR 404.156(b) and 416.967(b).  ECF No. 6-3, at 29.  Having found that Plaintiff had a severe impairment, the ALJ "needed to articulate how [this] impairment[] translated into the RFC limitation . . ." *Nancy G.*, 2022 WL 363824, at *4.  Instead of performing a function-by-function assessment, the ALJ proceeded by evaluating Plaintiff's symptoms and allowed that evaluation to guide his determination.  For example, the ALJ considered Plaintiff's symptoms of chest pain, degenerative disc disease, cardiac impairment, lower back pain, and major depression prior to June 17, 2019, and determined that Plaintiff's symptoms would not produce any limitations.  *See, e.g.*, ECF No. 6-3, at 31-32 ("Although the medical evidence regarding the claimant's cardiac impairment is consistent with a limitation to the light exertion level, the record does not support the conclusion that degenerative disc disease is a severe impairment, nor does it support either [] postural or environmental limitations").  As a result, the decision does not contain the necessary analysis – evidence, logical explanation, and conclusion – of the Plaintiff's ability to sit, stand, walk, lift, carry, push, or pull.  *Id.*  Without any analysis of Plaintiff's ability to perform these

*Mark K. v. Michelle King, Acting Commissioner, Social Security Administration*
Civil No.: 1:25-cv-000371-AAQ
March 12, 2026
Page 4

functions, the Court cannot accurately assess the ALJ's conclusion that Plaintiff has the RFC to perform light work before June 17, 2019.

This Court has repeatedly held that an ALJ must conduct a function-by-function assessment of a plaintiff's ability to perform work related activities when determining a RFC, and that failure to do so may constitute grounds for remand. *See Henderson v. Kijakazi*, No. AAQ-20-3346, 2022 WL 1555408 (D. Md. May 17, 2022) (remanding where the ALJ cited to the regulation outlining functions, but did not perform a function-by-function analysis); *Nicole C. v. Kijakazi*, No. 1:22-cv-02123-JMC, 2023 WL 4027481 (D. Md. June 15, 2023) (remanding because the ALJ failed to properly perform a function-by-function analysis to guide the RFC determination); *Jennifer W. v. Kijakazi*, No. 1:22-cv-01177, 2023 WL 2245635 (D. Md. Feb. 27, 2023) (remanding where the ALJ evaluated plaintiff's symptoms but failed to conduct a function-by-function analysis); *Kenneth L. v. Bisignano*, No. 24-2627-DRM, 2025 WL 2781547 (D. Md. Sept. 29, 2025) (remanding where ALJ failed to perform a function-by-function analysis and the Court was unable to discern the ALJ's rationale in limiting the plaintiff to light work).

The Commissioner argues unpersuasively that although the ALJ did not perform a function-by-function analysis, the ALJ's RFC assessment meets the reasonable articulation standard. *See* ECF No. 13, at 7-8 ("[s]o long as the agency's reasoning is 'reasonably discernible,' . . . such that a court is not 'left to guess' about the basis for the ALJ's conclusions . . . the duty of explanation is satisfied") (citing *Garland v. Ming Dai*, 593 U.S. 357, 369 (2021); *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015)). The Commissioner is correct that an administrative decision's reasoning need only be "reasonably discernible," *Ming Dai*, 593 U.S. at 369, and that there is no per se rule requiring remand where the ALJ does not discuss functions that are irrelevant or uncontested, *Delonte C. v. Kijakazi*, No. TMD 20-2436, 2021 WL 4391089, at *4 (D. Md. Sept. 24, 2021). Nonetheless, "[m]eaningful review is frustrated" and remand is necessary "where [the court is] unable to fathom the [ALJ's] rationale in relation to evidence in the record." *Britt*, 860 Fed. Appx. at 262 (internal quotation marks and citation omitted). Here, the ALJ failed to build a logical bridge from the evidence to his conclusions as he did not make any findings about Plaintiff's ability to sit, stand, walk, lift, carry, or push, despite contradictory evidence in the record. *See* ECF No. 6-3, at 30 (Plaintiff testified the "[h]e had difficulty sitting; he was told not to sit more than 45 minutes" and "he no longer had fine motor skills or coordination"); ECF No. 6-3, at 31 (State agency medical consultant limited Plaintiff to "light work with occasional climbing of ramps and stairs; never climbing ladders, ropes, or scaffolds; occasionally balancing, stooping, kneeling, crouching, and crawling; and avoiding exposure to extreme cold"). The Commissioner does not provide an explanation for the missing physical exertion function-by-function analysis prior to June 17, 2019. Without a proper narrative discussion, "it is impossible for the Court to determine whether the decision was based on substantial evidence." *Stacy C. v. Kijakazi*, No. CBD-20-2833, 2022 WL 814292, at *3 (D. Md. Mar. 17, 2022).

In support of its position, the Commissioner relies on this Court's decision in *James T. v. Kijakazi.* ECF No. 13, at 9 (citing No. AAQ-22-00574, 2023 WL 1997471 (D. Md. Feb. 13, 2023)). As the Commissioner correctly notes, in *James T.*, this Court affirmed the ALJ's decision where it did not include a function-by-function analysis but contained "sufficient discussion for

*Mark K. v. Michelle King, Acting Commissioner, Social Security Administration*
Civil No.: 1:25-cv-000371-AAQ
March 12, 2026
Page 5

this Court to glean the ALJ's reasoning" regarding an individual's limitations. *James T.*, 2023 WL 1997471 at *4. That decision is distinguishable on multiple grounds. First, in *James T.*, the plaintiff conceded that his mental limitations formed the sole basis for his claim. *Id.* ALJs must evaluate mental impairments under a distinct set of regulations from those governing physical impairments, requiring a different analysis. *See Patterson v. Cmm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) (When a plaintiff possesses a mental impairment, an ALJ must make "'a specific finding as to the degree of limitation in each of' the four areas of functional limitation listed in [20 C.F.R.] § 404.1520a(c)(3)."). Further, unlike the present case, the ALJ discussed several pieces of information relevant to the claimant's ability to perform particular functions. In reaching a decision, the ALJ relied on plaintiff's own testimony, medical opinions concluding that plaintiff could perform "simple routine work," a state ALJ opinion that plaintiff could "perform simple, routine tasks," and plaintiff's daily activities including "simple household chores and personal tasks," to determine his psychological limitations, *James T.*, 2023 WL 1997471 at *4, sufficiently building "an accurate and logical bridge from the evidence to [a] conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016). Here, unlike the ALJ in *James T.*, the ALJ disregarded the State agency medical consultant's assessment of Plaintiff's physical limitations in favor of a physical examination indicating that Plaintiff "had normal strength and tone, and . . . range of motion" without explaining his reasoning. ECF No. 6-3, at 31, 32; *see Mascio*, 780 F.3d at 636 (holding remand is appropriate where the ALJ "fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record"). Additionally, the ALJ's decision contains no findings as to how long Plaintiff could stand or walk during an eight-hour workday, nor does it state how much he could lift, carry, push, or pull, thus rendering the ALJ's discussion insufficient for this Court to deduce the ALJ's reasoning regarding Plaintiff's physical limitations. *See Cleo G. v. Cmm'r of Soc. Sec.*, No. EA-24-2834, 2025 WL 2771919 (D. Md. Sept. 29, 2025) (remanding where the ALJ assessed plaintiff's symptoms, medical opinions, and prior administrative medical findings but failed to analyze plaintiff's exertional capacity).

Because the ALJ did not perform a function-by-function assessment, the Court cannot find that substantial evidence supports the RFC determination. For that reason, the Court remands this case for additional consideration by the Commissioner.

### III.    Conclusion

For the reasons set forth herein, and pursuant to sentence four of 42 U.S.C. § 405(g), this case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it is an Order of the Court and shall be docketed as such.

So ordered.

5

*Mark K. v. Michelle King, Acting Commissioner, Social Security Administration*
Civil No.: 1:25-cv-000371-AAQ
March 12, 2026
Page 6

Sincerely,

/s/
Ajmel A. Quereshi
United States Magistrate Judge